**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **LASSA NIELSEN,** | ) | **CASE NO. 8:09CV31** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 8.) As set forth below, the Motion is granted.

## I.  BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff Lassa Nielsen filed her claim in Scotts Bluff County, Nebraska, Small Claims Court on December 5, 2008. (Filing No. 1-2, Attach. 1, at CM/ECF pp. 1-2.) On January 21, 2009, Defendant filed a proper Notice of Removal of Plaintiff's claims. (Filing No. 1 at CM/ECF pp. 1-2.) On February 20, 2009, Defendant filed a Notice of Substitution, stating that the United States of America is the proper party in this action pursuant to 28 U.S.C. § 2679 (b)(1).[1]

Plaintiff's allegations relate entirely to damage to a pair of "new boots" she received through the United States Post Office. (Filing No. 1-2, Attach. 1, at CM/ECF pp. 1-2.) These boots were allegedly damaged sometime between November 5, 2008, and November 12, 2008. (*Id.*) In particular, Plaintiff alleges as follows:

> My new boots were damaged by the US Post Office. On the box they stamped "Damaged by mechanical equipment. Please accept our apology

---

[1]The court agrees that the United States of America is the proper party in this action and will direct the Clerk of the court to update the docket sheet in accordance with the Notice of Substitution.

> US Postal Service." I have talked to the local Post Office, California Post Office, and Brent Kotschwar from the Omaha Post Office, and basically they all said sorry nothing we can do about it.

(*Id.* at CM/ECF p. 1.) Plaintiff requests $288.00 from Defendant for the damaged boots.

## II. ANALYSIS

Defendant seeks dismissal of the claims against it because it is entitled to sovereign immunity and because Plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). (Filing No. 10.) The court agrees with Defendant on both arguments.

### A. Sovereign Immunity

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." Miller v. Tony and Susan Alamo Found., 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g.,* FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." Meyer, 510 U.S. at 475, *citing* United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

2

The United States has expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This section shows that the U.S. Postal Service "specifically retained sovereign immunity as to lost postal matter" and "is designed expressly to bar actions for losses occasioned by the handling of goods within the postal system." *Allied Coin Invest., Inc. v. U.S. Postal Serv.*, 673 F. Supp. 982, 985-987 (D. Minn. 1987); *see also C.D. of NYC, Inc. v. United States Postal Serv.*, 157 Fed. Appx. 428, 429 (2d Cir. 2005) (affirming district court's dismissal on sovereign immunity grounds under 28 U.S.C. § 2680(b) where Bureau of Customs employee stole parcels and noting that stolen parcels were "lost" under provisions of 28 U.S.C. § 2680(b)).

Although the Eighth Circuit has not faced the issue, the U.S. District Court for the Eastern District of Missouri faced a nearly-identical situation in *Pruitt v. United States Postal Serv.*, 817 F. Supp. 807, 808 (E.D. Mo. 1993). In *Pruitt*, the plaintiff brought a small-claims action in state court relating to a lost package she sent through the U.S. Postal Service. The United States removed the action to federal court. *Id.* at 807. The United States then moved to dismiss, stating that the plaintiff's action was barred by sovereign immunity and that she had failed to exhaust her administrative remedies. *Id.* at 808. The court agreed on both points, stating that:

> [T]he United States is not subject to suit for the loss, miscarriage or negligent transmission of letters or postal matter. The United States is subject to suit only if it waives its sovereign immunity. Although the FTCA waives the United States sovereign immunity in some instances, it also delineates causes of action for which the United States may never be sued. *Forrest City Mach. Works, Inc. v. United States,* 953 F.2d 1086, 1087 (8th Cir.1992). Claims for the loss, misdelivery or negligent transmission of letters or postal

3

matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity.

*Id.*

Here, Plaintiff's claims relate entirely to the "miscarriage" or "negligent transmission" of her boots, once they were placed in the mail. As set forth above, the United States enjoys sovereign immunity for the mishandling of goods within the postal system. There is nothing before the court showing that the United States has waived this grant of sovereign immunity. Plaintiff's claims must therefore be dismissed because this court lacks subject matter jurisdiction.

### B. Exhaustion of Administrative Remedies

Further, even if Plaintiff's claims were not barred by sovereign immunity, she has failed to exhaust her administrative remedies. Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in [28 U.S.C. § 2675(a)](#):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

[28 U.S.C. § 2675(a)](#) (emphasis added). Even with the most liberal construction, Plaintiff does not allege that she complied with the administrative requirements of the FTCA prior to filing this action, nor is it apparent from the record that Plaintiff has done so. To the contrary, the Claims Coordinator for Nebraska stated that Plaintiff has not filed any

administrative claim relating to the damaged boots. (Filing No. 9-2, Attach. 1, at CM/ECF p. 1.) For this separate reason, Plaintiff's claims are dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) and this action are dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court shall update the docket sheet in accordance with the Notice of Substitution. The United States of America is the only Defendant.

DATED this 23rd day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5